# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.                                          Criminal Case No: 2:14-cr-40

**MINDY RACHELLE LEARY,**
    Defendant.

## ORDER/OPINION REGARDING PLEA OF GUILTY IN MISDEMEANOR CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Mindy Rachelle Leary, in person and by counsel, Deirdre Purdy, appeared before me on November 4, 2014. The Government appeared by Stephen Warner, its Assistant United States Attorney. The Court determined that Defendant would enter a plea of "Guilty" to a one-count Information.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. The Court **ORDERED** the written plea agreement filed.

Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear and accept the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned

Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing. The Defendant specifically stated she did not consent to the Magistrate Judge sentencing her.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Mindy Rachelle Leary, after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned then reviewed with Defendant the Information, including the elements the United States would have to prove at trial, charging her with distribution of a laboratory supply, knowingly to manufacture methamphetamine, in violation of 21 U.S.C. §§ 842(a)(11) and (c)(2)(A). The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the misdemeanor charge contained in the Information. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than one (1) year; a fine of not more than $100,000.00, or both imprisonment and a fine; and a term of supervised release of not more than one (1) year. Alternatively, the Court could impose a period of probation of up to five (5) years, a fine of up to $100,000.00, or both probation and a fine. Defendant further understood the Court would impose a

special assessment of $25.00 for the misdemeanor conviction payable before the date of sentencing and understood that the Court may require her to pay the costs of her incarceration and supervised release.

The Court then inquired of Defendant regarding her understanding of her conditional waiver of appellate rights as contained in the written plea agreement. From that inquiry, Defendant understood that if she received a sentence of probation, she was waiving the right to appeal her conviction and sentence to the Fourth Circuit Court of Appeals under 18 U.S.C. § 3742. Defendant further understood that if she received a sentence of probation, she was waiving her right to challenge her conviction and sentence in any post-conviction proceedings, including a motion pursuant to 28 U.S.C. § 2255. Defendant understood that nothing in her plea agreement would bar her from raising any claims of prosecutorial misconduct or ineffective assistance of counsel that she may have. However, Defendant confirmed that there was currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Upon consideration of all which, the Court finds Defendant understood her appellate rights and knowingly and voluntarily waived those rights pursuant to the condition in the plea agreement.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement. The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant. The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge inquired of Defendant, her counsel, and the Government as

to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the misdemeanor charge contained in the Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the misdemeanor offense contained in the Information and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea. Defendant further stated her attorney showed her how the advisory guideline chart worked but did not promise her any specific

sentence at the time of sentencing. Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, and that she was ineligible for institutional good time because of the statutory maximum penalty applicable to the charge contained in the one-count Information.

The parties agreed that the Government would provide a proffer to establish an independent basis in fact for Defendant's plea. The Government proffered that Agent Smithson interviewed Defendant on August 27, 2012, as part of an investigation into a methamphetamine investigation. During that interview, Defendant stated that around June of 2012, she was introduced to methamphetamine by an individual known as Daniel Kimble. Defendant's sister and David Doyle were also present. This occurred at Defendant's trailer, where she and the others smoked methamphetamine. One time in August 2012, they asked Defendant to do them a favor and go to the Kmart in Elkins, West Virginia, to purchase Claritin for Doyle. Defendant was told that Doyle needed more Claritin and that he had already met his purchase limits. Defendant dropped everyone off at Shawn White's house, went to the Kmart in Elkins, and purchased one (1) box of Claritin, which contained pseudoephedrine. When she returned to White's house, they gave her a "50 bag" Defendant believed that Doyle cooked methamphetamine later that day. That was the only time she ever bought anything for anyone to manufacture methamphetamine. A review of NPLEX determined that on August 7, 2012, Defendant did purchase one (1) box of Claritin containing pseudoephedrine from the Kmart in Elkins, West Virginia, within the Northern District of West Virginia.

Defendant stated she heard, understood, and agreed with the Government's proffer. From said proffer, the undersigned Magistrate Judge concludes the offense charged in the Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Defendant, Mindy Rachelle Leary, with the consent of her counsel, Deirdre Purdy, proceeded to

enter a verbal plea of **GUILTY** to the misdemeanor charge contained in the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood her right to have her charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to the Information; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the misdemeanor charge contained in the one-count Information and recommends she be adjudged guilty on said charge and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release previously entered in Criminal No. 2:14-cr-20.

The Clerk of the Court is directed to provide a copy of this Order/Opinion to counsel of record.

Respectfully submitted this 5th day of November, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE